Jeffrey L. Cutler (CA Bar No. 100639)
email: jcutler@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106577)
Email: erosenfeld@wkclegal.com
WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD
16501 Ventura Boulevard, Suite 304
Encino, CA 91436
Telephone: (818) 501-8030 ext. 313
Facsimile: (818) 501-5306
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE SOUTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS HEALTH AND WELFARE TRUST; SOUTHERN CALIFORNIA, ARIZONA, COLORADO, AND SOUTHERN NEVADA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND; SOUTHERN CALIFORNIA GLAZING AND ARCHITECTURAL METAL INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; FINISHING TRADES INSTITUTE OF DISTRICT COUNCIL 36 JOINT APPRENTICESHIP TRAINING TRUST FUND; SOUTHERN CALIFORNIA GLASS AND GLAZING INDUSTRY TRUST FUND; SOUTHERN NEVADA GLAZIERS & FABRICATORS PENSION TRUST FUND; INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE; FINISHING TRADES INSTITUTE; POLITICAL ACTION TOGETHER FUND; GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 636,<br><br>Plaintiffs,<br>vs.<br><br>QOL CORP., a California corporation doing business as CUSTOM ENGINEERED OPENINGS,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR BREACH OF CONTRACT AND VIOLATION OF ERISA<br><br>[29 U.S.C. §§ 185, 1132, 1145] |

COMPLAINT

Plaintiffs allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq., and by section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a).

## VENUE

2. Venue is appropriate in the Central District of California in accordance with Section 502(e), 29 U.S.C.§1132(e), as the place where the contractual obligations alleged herein are to be performed. Venue is properly in this district pursuant to section 301(a) of the LMRA, 29 U.S.C. §185(a), as the district having jurisdiction of the parties.

## PARTIES

3. The SOUTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS HEALTH AND WELFARE TRUST; SOUTHERN CALIFORNIA, ARIZONA, COLORADO, AND SOUTHERN NEVADA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND; SOUTHERN CALIFORNIA GLAZING AND ARCHITECTURAL METAL INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; FINISHING TRADES INSTITUTE OF DISTRICT COUNCIL 36 JOINT APPRENTICESHIP TRAINING TRUST FUND; SOUTHERN CALIFORNIA GLASS AND GLAZING INDUSTRY TRUST FUND (herein "Local 636 Trust Funds"); and SOUTHERN NEVADA GLAZIERS & FABRICATORS PENSION TRUST FUND ("SNGF Pension Fund") are employee benefit plans within the meaning of Section 3(3) of ERISA [29 U.S.C. § 1002(3)], multiemployer plans within the meaning of Section 3(37)(A) of ERISA [29 U.S.C. § 1002(37)(A)], and express trusts in compliance with Section 302(c)(5) of the LMRA [29 U.S.C. §186(c)(5)]. The Trustees of the Local 636 Trust

Funds and SNGF Pension Fund are the selected governing bodies of their respective jointly administered Labor-Management Trust Funds, and the "named fiduciary," "plan administrator" and "plan sponsor" within the meaning of ERISA. The Local 636 Trust Funds maintain their principal place of business and are administered from an office in this judicial district.

4. The INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND ("IUPAT Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), (21), for the IUPAT Pension Fund. The IUPAT Pension Fund is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

5. The IUPAT FINISHING TRADES INSTITUTE (herein "FTI"), formerly known as the International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund, IUPAT Joint Apprenticeship Fund and/or JATF, is a trust fund established under 29 U.S.C. §186(c)(5) and a "multiemployer plan" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), and (3).

6. The IUPAT POLITICAL ACTION TOGETHER FUND, which includes the Political Action Together - Legislative and Educational Committee and Political Action Together - Political Committee (jointly or severally, "PAT Fund"), is an unincorporated association or fund established pursuant to 2 U.S.C. §431 *et seq*. by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

7. The PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE ("LMCI") is an unincorporated organization established under 29 U.S.C. § 186(c)(9). The LMCI is also known as and referenced as and referenced as the National LMCI in the Labor Agreements relating to this complaint.

8. The IUPAT Pension Fund, FTI, PAT Fund and LMCI are referred to herein as the "IUPAT Funds."

9. Plaintiff GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 636 ("Union") is a labor organization within the meaning of Section 301 of the LMRA [29 U.S.C. § 185(a)], and an employee organization within the meaning of Section 3(4) of ERISA [29 U.S.C. § 1002(4)].

10. At all times material herein, defendant QOL CORP. was a California corporation doing business as CUSTOM ENGINEERED OPENINGS (hereinafter "QOL"). At all material times, QOL has been an employer in an industry affecting commerce within the meaning of the LMRA, and an employer obligated to make contributions to a multi-employer plan within the meaning of ERISA.

11. This Complaint is prosecuted pursuant to section 301 of the LMRA, 29 U.S.C. § 185(a), and pursuant to section 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, to enforce the provisions of ERISA against an employer engaged in an industry affecting commerce.

**GENERAL ALLEGATIONS**

12. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 11, as if fully set forth herein.

13. At all times material herein, QOL agreed to abide by and be bound to the terms and conditions of the Master Labor Agreement between Glass and Glazing Contractors and District Council of Painters No. 36 on behalf of Glaziers, Architectural Metal and Glass Workers Local Union No. 636, its extension agreements and any amendments thereto ("MLA"). The MLA establishes the terms

and conditions of employment for all employees of QOL who are or were performing work covered under its terms. A true and correct copy of the relevant portion of the MLA is attached hereto as Exhibit 1 and incorporated herein by reference.

14. The MLA incorporates the Declarations of Trust and Trust Agreements of the Local 636 Trust Funds and the IUPAT Funds ("Trust Agreements") and any amendments thereto and modifications thereof, including the collection policies and procedures implemented by the Trustees of each of the respective trust funds.

15. The MLA and Trust Agreements require QOL to promptly report and make contributions to Plaintiffs for each hour of covered work at the rates specified in the MLA; to produce, upon request by Plaintiffs, all books and records deemed necessary to conduct an audit of QOL's records concerning its obligations to Plaintiffs, and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements; and to pay liquidated damages, interest, audit costs and all costs of litigation, including attorneys' fees, expended by Plaintiffs to collect any amount due as a consequence of QOL's failure to comply with its contractual and statutory obligations.

16. At all times material herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to Plaintiffs as a result of nonpayment of contributions. The amounts agreed upon in the Trust Agreements, as and for liquidated damages, have represented and now represent a reasonable endeavor by Plaintiffs' respective Trustees to ascertain and compensate for the damages caused to Plaintiffs by the nonpayment of contributions and/or failure of an employer to timely submit contributions to Plaintiffs. The Trust Agreement sets the amount assessed as and for liquidated damages, and not as a penalty, at twenty percent (20%) of the delinquent contributions.

///

//

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

17. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 16, as if fully set forth herein.

18. <u>COMPLIANCE AUDIT</u>: In 2018, Plaintiffs completed a compliance audit of QOL for the period of November 1, 2015 through August 31, 2016 which disclosed that QOL breached the MLA and Trust Agreements by failing to properly report hours and pay contributions to Plaintiffs on behalf of employees who performed covered work during the audit period. Based on the audit findings, the following amounts are due and owing by QOL:

    A.    <u>To Plaintiffs Local 636 Trust Funds and IUPAT Funds</u>:

| | |
|---|---|
| Contributions | $ 8,592.67 |
| Liquidated Damages | $ 1,718.53 |
| Audit Fees | $ 150.00 |

    B.    <u>To Plaintiff SNGF Pension Fund</u>:

| | |
|---|---|
| Contributions | $ 4,184.97 |
| Liquidated Damages | $ 836.99 |
| Audit Fees | $ 300.00 |

In addition to the foregoing amounts, interest is owed from the dates the contributions were due until the date contributions are paid in full, at the rates established under the Trust Agreements.

19. <u>REPORTS WITHOUT CONTRIBUTIONS</u>: QOL submitted reports without contributions for the work months of July 2016 through October 2016 and June 2018, for covered work performed in Southern California. Based on the reports submitted by QOL, the following amounts are due and owing to Plaintiffs:

    A.    <u>To Plaintiffs Local 636 Trust Funds and IUPAT Funds</u>:

| | |
|---|---|
| Contributions | $ 14,356.62 |
| Liquidated Damages | $ 2,888.90 |

      B.    <u>To Plaintiff SNGF Pension Fund</u>:

      Contributions                           $   1,541.12

      Liquidated Damages            $     208.59

In addition to the foregoing amounts, interest is owed from the dates the contributions were due until the date contributions are paid in full, at the rates established under the Trust Agreements.

    20.    <u>REPORTS WITHOUT CONTRIBUTIONS</u>:  QOL submitted reports without contributions for the work months of April, May, August and October 2016 for covered work performed in Northern California. Based on the reports submitted by QOL, the following amounts are due and owing to Plaintiffs:

      A.    <u>To Plaintiffs IUPAT Funds</u>:

      Contributions                           $   2,918.38

      Liquidated Damages            $     583.68

In addition to the foregoing amounts, interest is owed from the dates the contributions were due until the date contributions are paid in full, at the rates established under the Trust Agreements.

    21.    Despite repeated demands, and in breach of the MLA and Trust Agreements, QOL has refused to pay the amounts due as described herein. As a result of QOL's breach of the MLA and Trust Agreements, Plaintiffs have been damaged in an amount equal to the amount of contributions determined to be due, and in addition to contributions, liquidated damages, interest and costs, including audit costs, incurred in enforcing the terms of the MLA and Trust Agreements.

    22.    As a result of Defendant's failure to report and pay contributions it has been necessary for Plaintiffs to employ the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld.  In accordance with the Trust Agreements, Plaintiffs are entitled to recover reasonable attorneys' fees from QOL.

    23.    Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the MLA and Trust Agreements.

## SECOND CLAIM FOR RELIEF

### (Violation of ERISA)

24. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 23, as though fully set forth herein.

25. By failing to accurately report and pay contributions to Plaintiffs in accordance with the provisions of the MLA and the Trust Agreements, QOL has violated ERISA §515, 29 U.S.C. §1145. In accordance with the terms of the Agreements and the Trust Agreements, and pursuant to ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§1132(g)(2) and 1145, Plaintiffs are entitled to and hereby demand, in addition to the payment of all contributions owed to Plaintiffs by QOL, an award of liquidated damages, interest, and reasonable attorneys' fees and all costs incurred, including audit costs.

WHEREFORE Plaintiffs pray for judgment as follows against Defendant QOL CORP., a California corporation doing business as CUSTOM ENGINEERED OPENINGS:

1. For unpaid trust fund contributions;
2. For interest on all outstanding contributions at the rates established under the Trust Agreements, from the dates the contributions were due until paid in full;
3. For liquidated damages;
4. For audit fees;
5. For attorneys' fees incurred in this action;
6. For costs of suit; and

///
///
//
/

7. For such other relief as the court deems appropriate, and for such other legal or equitable relief required by Section 502(g)(2)(E) ERISA, 29 U.S.C. §1132(g)(2)(E).

**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

DATED: March 21, 2019

BY: */s/ Elizabeth Rosenfeld*
ELIZABETH ROSENFELD
Attorneys for Plaintiffs
THE BOARDS OF TRUSTEES OF THE SOUTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS HEALTH AND WELFARE TRUST; SOUTHERN CALIFORNIA, ARIZONA, COLORADO, AND SOUTHERN NEVADA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND; SOUTHERN CALIFORNIA GLAZING AND ARCHITECTURAL METAL INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; FINISHING TRADES INSTITUTE OF DISTRICT COUNCIL 36 JOINT APPRENTICESHIP TRAINING TRUST FUND; SOUTHERN CALIFORNIA GLASS AND GLAZING INDUSTRY TRUST FUND; SOUTHERN NEVADA GLAZIERS & FABRICATORS PENSION TRUST FUND; INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE; FINISHING TRADES INSTITUTE; POLITICAL ACTION TOGETHER FUND; GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 636